UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOR IAN GENSINGER,

    Plaintiff,

v.                                    Case No. 3:18cv1628-LC-CJK

JAMES K. BAZZELLE, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's "Emergency Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction" (doc. 6) and "Motion for Dept. of Corrections to Provide First Names of Listed Defendants" (doc. 7).

In this action, plaintiff alleges employees of Century Correctional Institution assaulted him on January 7, 2018. After being transferred to Santa Rosa Correctional Institution ("SRCI"), plaintiff says Sergeant Bermejo placed plaintiff in confinement in retaliation "for the Century Incident." Plaintiff further alleges that he was subject to threats and other forms of retaliation during his time at SRCI. Plaintiff's motion for a temporary restraining order requests that the court direct the Florida

Department of Corrections ("FDOC") to transfer plaintiff to another correctional institution.

Plaintiff's motion should be denied. Because plaintiff has now been transferred from SRCI to Walton Correctional Institution, he has not demonstrated he faces an immediate threat of injury. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury"); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (noting that for a temporary restraining order to be granted, the court must consider, *inter alia*, whether the movant has established "a substantial likelihood of success on the merits" and "that irreparable injury will be suffered if the relief is not granted") (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)).

Plaintiff's "Motion for Dept. of Corrections to Provide First Names of Listed Defendants" (doc. 7) requests that the court order the FDOC to provide plaintiff with the first names or initials of defendants Yost, Cash, and Moye. The motion will be denied because the request is premature. The court has neither completed the screening process under 28 U.S.C. § 1915(e)(2)(B), nor attempted service on the named defendants.

Case No. 3:18cv1628-LC-CJK

Accordingly, it is ORDERED:

1.     Plaintiff's "Motion for Dept. of Corrections to Provide First Names of Listed Defendants" (doc. 7) is DENIED.

And it is respectfully RECOMMENDED:

1.     That plaintiff's "Emergency Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction" (doc. 6) be DENIED.

At Pensacola, Florida, this 14th day of January, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:18cv1628-LC-CJK