# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

THOR IAN GENSINGER.,

    Plaintiff,

v.                                                                        Case No.  3:18-cv-1628-LC/MJF

JAMES K. BAZZELLE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before this court on Plaintiff's "Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction." (Doc. 27).[1]

## I.  Background

On August 9, 2018, Plaintiff, who is an inmate of the Florida Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). On August 26, 2019, Plaintiff filed a "Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction." (Doc 27). In his motion, Plaintiff alleges that

---

[1] The case was referred to address all preliminary matters and to make any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). A magistrate judge may not grant or deny a motion for injunctive relief, but may make a recommendation on such a motion. *See* 28 U.S.C. § 636 (b)(1).

January 7, 2018, while he was housed at the Century Correctional Institution and handcuffed, five officers beat him. (*Id.* at 1). Plaintiff explains that on February 6, 2018, Department of Corrections officials transferred him to the Santa Rosa Annex to avoid further abuse and retaliation. (*Id.* at 1). Plaintiff alleges that on August 2, 2018, Plaintiff was "again beat by a captain and sergeant while handcuffed, had a $500 hit placed upon [his] life by the warden all due to retaliation." (*Id.* at 2). On October 26, 2018, Department of Corrections officials transferred Plaintiff to the Walton Correctional Institution "to prevent any further injuries and/or retaliation." (*Id.*).

Plaintiff alleges that since his transfer to the Walton Correctional Institution, he has been taken to confinement for a "falsified D.R." on three occasions. (*Id.*) Plaintiff claims that "this institution is only a county over from where the last officer abuse and still yet only one county over from the first officer abuse. I expect to be retaliated against until I am forced to defend myself against these retaliating officers or this court intervenes." (*Id.*). Plaintiff ultimately requests relief by "this honorable court intervening and granting this motion and ordering the D.O.C. to remove the Plaintiff from this geographical region 1 to prevent further injuries, retaliation, or the Plaintiff having to hurt one of these officers in self defense." (*Id.* at 3). On September 19, 2019, Plaintiff filed a notice of address change wherein Plaintiff notified this court

that he has been transferred and is currently housed at Hamilton Correctional Institution.[2] (Doc. 33). The Florida Department of Corrections Facility Directory lists Hamilton Correctional Institution as being located in geographical region two. FDOC, *Facility Directory*, http://prod.fdc-wpws001.fdc.myflorida.com/org/facilitydir.html#X250. Thus, it appears that Plaintiff has already received the primary relief that he seeks.

Defendants filed a response in opposition to Plaintiff's motion. (Doc. 31). Defendants argue that Plaintiff's motion should be denied because: (1) Plaintiff "is seeking injunctive relief against prison employees who are not Defendants in this action, and over whom there is currently no in personam jurisdiction;" (2) "It is longstanding case law that with certain exceptions not applicable here, a federal court lacks jurisdiction to enjoin the conduct of persons who are not parties in an action before it;" and (3) "Plaintiff has not shown his entitlement to a temporary restraining order or preliminary injunction, either factually or legally." (Doc. 31 at 1-2).

## II.   Discussion

Before a court will issue a temporary restraining order or preliminary injunction, a Plaintiff must establish four criteria:

(1) there is a substantial likelihood that he will prevail on the merits of his claim;

---

[2] As of October 13, 2019, the Florida Department of Corrections, Inmate Population Information Detail, still lists Plaintiff's current facility as "Hamilton Annex." FDOC, *Inmate Population Information Detail*, (Oct. 13, 2019) http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=165522&TypeSearch=AI.

(2) he will suffer irreparable injury unless the temporary restraining order is issued;

(3) the injury to the movant outweighs whatever damage the proposed temporary restraining order may cause the party or parties opposing the temporary restraining order; and

(4) a temporary restraining order would not be adverse to the public interest.

*Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003); *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001).

A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that should not to be granted unless the movant clearly establishes the four prerequisites. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *see Wreal*, 840 F.3d at 1247; *Four Seasons*, 320 F.3d at 1210 (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). Furthermore, the purpose of preliminary injunctive relief is to preserve the *status quo* and prevent irreparable injury until the court can address the merits of the lawsuit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv.*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the

motion be closely related to the conduct at issue in the complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Since Plaintiff's transfer to Hamilton Correctional Institution, Plaintiff has not established that he will suffer irreparable injury unless the temporary restraining order is issued. Because the Department of Corrections already provided Plaintiff the primary relief that he requested—to be transferred outside geographical region one—it is unlikely that Plaintiff faces the irreparable injury that he alleged. Additionally, Plaintiff fails to discuss, let alone establish, the other three elements. For example, Plaintiff did not allege and has not established that there is a substantial likelihood that he will prevail on the merits of this lawsuit. Because Plaintiff has failed to establish any and all of the prerequisites for a temporary restraining order or preliminary injunction, his motion for this relief should be denied.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's "Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction," (Doc. 27), be **DENIED**.

At Panama City, Florida, this 15th day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.